UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TRACEY SPENCER,

    Defendant.

Hon. Linda V. Parker

Case No. 23-cr-20280

## Plea Agreement

The United States of America, by and through the United States Department of Justice, Criminal Division, Fraud Section (collectively, the "Office" or "government"); and the defendant, Tracey Spencer (the "defendant" or "Spencer"), have reached a plea agreement under Rule 11 of the Federal Rules of Criminal Procedure. The plea agreement's terms are:

**1.**     **Count of Conviction**

Spencer will plead guilty to Count 1 of the Information. Count 1 charges Spencer with Conspiracy to Defraud the United States and Pay Health Care Kickbacks in violation of 18 U.S.C. § 371.

**2. Statutory Maximum Penalties**

The defendant understands that her guilty plea carries the following maximum statutory penalties:

| Count 1 | Term of imprisonment: | Up to 5 years |
|---|---|---|
| | Fine: | $250,000 or twice the gross pecuniary gain or the gross pecuniary loss |
| | Term of supervised release: | Up to 3 years |

**3. Agreement Not to Bring Additional Charges**

If the Court accepts this agreement and imposes a sentence consistent with its terms, the Office will not bring additional charges against the defendant for the conduct reflected in the factual basis of this Rule 11 Plea Agreement.

**4. Elements of Counts of Conviction**

As set forth in Count One of the Information, the defendant is charged with conspiracy to defraud the United States and to pay and receive health care kickbacks.

The elements of Count 1, object (a), are:

First: The defendant entered into an agreement;

Second: To obstruct a lawful function of the United States;

Third: By deceitful or dishonest means; and,

Fourth: Committed at least one overt act in further of the conspiracy.

In object (b), Spencer is charged with conspiring to violate the Federal anti-kickback statute, 42 U.S.C. § 1320a-7b(b)(2)(A), which makes it a Federal offense for anyone to knowingly and willfully offer any remuneration (including any kickback, bribe, or rebate), directly or indirectly, overtly or covertly, in cash or in kind to a person to induce such person to refer an individual to a person for the furnishing or arranging for the furnishing of any item or service for which payment may be made in whole or in part by a Federal health care program, as defined in 18 U.S.C. § 24(b).

5.    **Factual Basis**

The parties agree that the following facts are true; accurately describe the defendant's role in the offenses; and provide a sufficient factual basis for the defendant's guilty plea:

Beginning in or around May 2016 and continuing through at least May 2018, defendant Tracey Spencer knowingly and willfully conspired with others to enter into a scheme to defraud the United States, namely Medicare, in violation of 18 U.S.C. § 371. Spencer knowingly and willfully conspired with others to pay recruiters, marketers, and community liaisons, in exchange for the referral of Medicare beneficiaries for home health services, which were subsequently billed to Medicare, in violation of 18 U.S.C. § 371.

Beginning in approximately May 2016 and continuing through at least May 2018, Spencer was an owner and operator of Miracle Care LLC, d/b/a/ Phenomenal Home Health Care ("Phenomenal"), a home health company operating in the Eastern District of Michigan. Between at least May 2016 and May 2018, Phenomenal submitted claims to Medicare for home health services provided to Medicare beneficiaries. Spencer co-owned and operated Phenomenal with Individual 1, and conspired with Individual 1, and others, to unlawfully enrich themselves by, among other things: (a) offering to pay kickbacks and bribes in exchange for the referral of Medicare beneficiaries for home health services billed through Phenomenal; (b) submitting or causing the submission of claims to Medicare for home health services referred to Phenomenal as a result of the payment of kickbacks and bribes; and (c) diverting proceeds of the fraud for the personal use and benefit of the defendant and her co-conspirators.

In furtherance of the conspiracy, Spencer and Individual 1 entered into an agreement to pay patient recruiters, including Individual 2, in amounts determined by Spencer and Individual 1, in exchange for the referral of Medicare Beneficiaries to Phenomenal. Spencer and Individual 1 agreed to pay Individual 2 a pre-determined amount per beneficiary referred to Phenomenal. Spencer made these payments through electronic monetary transfers. Between May 2016 and May 2018, Spencer paid Individual 2 approximately $21,600 in illegal kickbacks in

exchange for the referral of approximately 56 beneficiaries, for whom claims were submitted to Medicare. In particular, on May 18, 2018, Spencer and Individual 1 agreed to pay Individual 2 $200 in exchange for the referral of a Medicare beneficiary to Phenomenal, so that they could bill Medicare.

In total, between May 2016 and May 2018, Phenomenal billed Medicare for home health services purportedly provided to Medicare beneficiaries obtained as a result of kickbacks in the approximate amount of $170,191.24. Medicare paid Phenomenal approximately $240,618.

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for the defendant's guilty plea to the charge against her.  It does not include all of the facts known to her concerning criminal activity which she and others engaged.  The defendant makes this statement knowingly and voluntarily and because she is in fact guilty of the crime charged.

**6.     Advice of Rights**

The defendant has read the Information; has discussed the charges and any possible defenses with her attorney; and understands the crime for which she is charged.  The defendant understands that, by pleading guilty, she is waiving many important rights, including the following:

    A.    The right to plead not guilty and to persist in that plea;

    B.    The right to a speedy and public trial by jury;

C. The right to the assistance of an attorney at every critical stage of the proceedings, including trial;

D. The right to an appointed attorney, if the defendant cannot afford to retain one;

E. The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

F. The right to confront and cross-examine adverse witnesses at trial;

G. The right to testify or not to testify at trial, whichever the defendant chooses;

H. If the defendant chooses not to testify, the right to have the jury informed that it may not treat that choice as evidence of guilt;

I. The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

J. The right to compel the attendance of witnesses at trial.

**7. Collateral Consequences of Conviction**

The defendant understands that her conviction here may carry additional consequences under federal or state law. The defendant understands that, if she is not a United States citizen, her conviction here may require her to be removed from the United States; denied citizenship; and denied admission to the United States in the future. The defendant further understands that the additional consequences of

her conviction here may include, but are not limited to, adverse effects on her immigration status; naturalized citizenship; right to vote; right to carry a firearm; right to serve on a jury; and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including her attorney or the Court, can predict to a certainty what the additional consequences of her conviction might be. The defendant, nevertheless, affirms that she chooses to plead guilty regardless of any immigration or other consequences from her conviction.

8. **Defendant's Guideline Range**

    A. **Court's Determination**

The Court will determine the defendant's guideline range at sentencing.

    B. **Acceptance of Responsibility**

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if her offense level is 16 or greater and she is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for her acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, her probation officer; obstructing justice in any way;

denying her guilt on the offense to which she is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph; will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1; and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C. Other Guideline Recommendations

The parties recommend that the following guideline provisions apply to the defendant's guideline calculation on Count 1:

- USSG Section 2B4.1(a): Base Offense Level of 8
- USSG Section 2B1.1(b)(1)(F): Benefit Conferred Greater than $150,000 (add 10 Levels)

### D. Factual Stipulations for Sentencing Purposes

The parties stipulate and agree that, for purposes of determining the applicable sentencing guidelines range, the benefit conferred attributable to the defendant's conduct is $240,618.

### E. Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or

factual stipulations in paragraphs 8.B, 8.C or 8.D. Other than the guideline recommendations and stipulations in those paragraphs, however, neither party is restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### E. Not a Basis to Withdraw

The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if she disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations in paragraphs 8.B or 8.C. Likewise, the government has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 9. Imposition of Sentence

### A. Court's Obligation

Defendant Spencer understands that in determining her sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a); and apply any applicable mandatory minimums.

### B. Imprisonment

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the low-end of the defendant's guideline range as determined by the Court.

### 2. No Right to Withdraw

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the government's recommendation. Likewise, the government has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

## C. Supervised Release

### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a term of supervised release of not more than three years.

### 2. No Right to Withdraw

The parties' recommendation is not binding on the Court. Defendant Spencer understands that she will have no right to withdraw from this agreement or withdraw

her guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D. Fines

There is no recommendation or agreement as to a fine.

### E. Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. The parties agree that restitution in this case shall total as follows: U.S. Department of Health and Human Services, not to exceed $240,618, joint and several with her co-conspirators.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure

Form and the accompanying releases for the purpose of determining her ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

**F.     Forfeiture**

The defendant agrees, pursuant to 18 U.S.C. § 982(a)(2)(A), to forfeit any interest she may have in property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of her violation of 18 U.S.C. § 371.

In addition, defendant agrees to the entry of a forfeiture money judgment against her in favor of the United States in an amount to be determined prior to sentencing, representing the total value of the property subject to forfeiture for defendant's violation of Count One of the Information, to the extent such value is not satisfied by the specific forfeitures set forth above.

Defendant agrees that the forfeiture money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of defendant.  To satisfy the money judgment, defendant explicitly agrees to the forfeiture of any assets as she has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes her rights to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise.

The defendant agrees to the entry of one or more orders of forfeiture, including the entry of a Preliminary Order of Forfeiture, incorporating the forfeiture of the above referenced property following her guilty plea, upon application by the United States as mandated by Federal Rule of Criminal Procedure 32.2. The defendant agrees that the forfeiture order will become final as to her at the time entered by the Court.

The defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

The defendant acknowledges that she understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives her right to challenge any failure by the court to advise her of her rights with respect to forfeiture, set forth in Federal Rule of Criminal Procedure 11(b)(1)(J). The defendant also expressly waives her right to have a jury determine the forfeitability of her interest in the above identified property, as provided by Rule 32.2(b)(5).

The defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

The defendant agrees to hold the United States and its agents and employees harmless from any claims whatsoever in connection with the seizure and forfeiture of any property referenced above.

### G. Special Assessment

The defendant understands that she will be required to pay a special assessment of $100, due immediately upon sentencing.

**10. Exclusion from the Medicare Program and Other Federal Health Care Programs**

The defendant understands and acknowledges that as a result of this plea, the defendant will be excluded from Medicare, Medicaid, and all Federal health care programs. Defendant agrees to complete and execute all necessary documents provided by any department or agency of the federal government, including but not limited to the United States Department of Health and Human Services, to effectuate this exclusion within 60 days of receiving the documents. This exclusion will not affect the defendant's right to apply for and receive benefits as a beneficiary under any Federal health care program, including Medicare and Medicaid.

**11. Appeal Waiver**

The defendant waives any right she may have to appeal her conviction on any grounds. If her sentence of imprisonment does not exceed the top of the guideline

range determined by the Court, the defendant also waives any right she may have to appeal her sentence on any grounds.

**12. Collateral Review Waiver**

The defendant retains the right to raise claims alleging ineffective assistance of counsel and prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right she may have to challenge her conviction or sentence by collateral review, including, but not limited to, any right she may have to challenge her conviction or sentence on any grounds under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

**13. Consequences of Withdrawal of Guilty Plea or Vacation of Judgment**

If the defendant is allowed to withdraw her guilty plea, or if her conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying her guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives her right to challenge those charges on the ground that they

were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

14. **Use of Withdrawn Guilty Plea**

The defendant agrees that if she is permitted to withdraw her guilty plea for any reason, she waives all of her rights under Federal Rule of Evidence 410, and the government may use her guilty plea, any statement that she made at her guilty plea hearing, and the factual basis set forth in this agreement, against her in any proceeding.

15. **Parties to Plea Agreement**

This agreement does not bind any government agency except the Office, as defined herein.

16. **Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant, or to her attorney, at any time before the defendant pleads guilty are binding, except to the extent that they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, this plea

agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative action against the defendant, or any forfeiture claim against any property, by the United States or any other party.

**17. Acceptance of Agreement by Defendant**

Unless this agreement has been fully signed by the defendant and received by the United States Attorney's Office before 5:00 PM on May 26, 2023, the government may withdraw from this agreement at any time before the defendant pleads guilty.

DAWN N. ISON
UNITED STATES ATTORNEY

GLENN S. LEON
Chief
Criminal Division, Fraud Section
U.S. Department of Justice

DUSTIN M. DAVIS
Chief, Health Care Fraud Unit
Criminal Division, Fraud Section
U.S. Department of Justice

REGINA R. MCCULLOUGH
Chief, Health Care Fraud Unit
United States Attorney's Office
Eastern District of Michigan

s/ Shankar Ramamurthy
SHANKAR RAMAMURTHY
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Phone: (202) 924-5368
Email: shankar.ramamurthy@usdoj.gov

s/ Shankar Ramamurthy
SHANKAR RAMAMURTHY
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Phone: (202) 924-5368
Email: shankar.ramamurthy@usdoj.gov

By signing below, the defendant and her attorney agree that the defendant has read or been read this entire document, has discussed it with her attorney, and has had a full and complete opportunity to confer with her attorney. The defendant further agrees that she understands this entire document, agrees to its terms, has had all her questions answered by her attorney, and is satisfied with her attorney's advice and representation.

_____     _____
Matthew Lawhon                Tracey Spencer
Attorney for Defendant        Defendant

6/12/2023

Page **18 of 22**